CLD-134                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-3534
_____

GERALD EDWARDS,
                                        Appellant

v.

DONALD TRUMP
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-25-cv-05873)
District Judge:  Honorable Paul S. Diamond
_____

Submitted for Possible Dismissal Due to a Jurisdictional Defect,
Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B), or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 14, 2026

Before:  BIBAS, PHIPPS, and NYGAARD, *Circuit Judges*

(Opinion filed June 1, 2026)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Appellant, Gerald Edwards, proceeding pro se and in forma pauperis, appeals from the District Court's order dismissing his complaint pursuant to 28 U.S.C. § 1915I(2)(B). We will summarily affirm.

In October 2025, Edwards filed a complaint in the District Court against President Donald Trump regarding his appointment of United States Attorneys for the Eastern District of Pennsylvania and the District of Columbia whom Edwards views as "incompetent." ECF No. 2.

The District Court granted Edwards permission to proceed in forma pauperis and screened the complaint pursuant to 28 U.S.C. § 1915I(2)(B). ECF No. 5. In doing so, the District Court concluded that Edwards had not stated a plausible claim for relief. Therefore, the District Court dismissed the complaint and determined that amendment would be futile. *Id.* Edwards appealed.

We have jurisdiction under 28 U.S.C. § 1291.[1] Our review of an order dismissing a complaint under 28 U.S.C. § 1915I(2)(B) is plenary. *See Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000). A complaint is subject to dismissal if it is frivolous under § 1915I(2)(B)(i), i.e., "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). We may summarily affirm if an appeal fails to present a substantial question. *See* 3d Cir. LAR 27.4; I.O.P. 10.6. The District Court properly dismissed the complaint as legally frivolous under 28 U.S.C. § 1915I(2)(B)(i). As the

---

[1] Although the notice of appeal was filed more than 60 days after the District Court's order was entered on the docket, the order did not comply with the separate judgment rule. *See* Fed. R. Civ. P. 58(a). Under that Rule, the notice of appeal was timely filed.

2

District Court explained, President Trump is entitled to "absolute immunity" for official acts such as the appointment of United States Attorneys. ECF No. 5; *see, e.g.*, *Nixon v. Fitzgerald*, 457 U.S. 731, 749 (1982). We agree that amendment would have been futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). Accordingly, we will summarily affirm.